UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| YSLETA DEL SUR PUEBLO, *a federally recognized sovereign Indian tribe*, | § § § § | |
| *Plaintiff*, | § | |
| v. | § | EP-17-CV-00162-DCG |
| | § | |
| CITY OF EL PASO, | § § | |
| *Defendant*. | § § | |

## MEMORANDUM ORDER

Presently before the Court is Defendant City of El Paso's ("City") "Motion to Amend Its Original Answer to Plaintiff's Complaint and Memorandum in Support" (ECF No. 35) (hereinafter, "Motion to Amend Original Answer") filed on January 22, 2019. The parties briefing on the motion was completed on February 12. *See* Pl.'s Resp. to Mot., ECF No. 37; Def.'s Reply, ECF No. 38. Having carefully considered the parties' arguments, the Court, for the reasons that follow, GRANTS the motion.

### I. BACKGROUND

On May 22, 2017, Plaintiff Ysleta Del Sur Pueblo ("Pueblo"), an Indian Tribe, brought this declaratory judgment action against the City. The Pueblo seeks judicial confirmation that it is the title owner of certain 111.73 acres of real property located in El Paso County that includes four parcels of land described in its Complaint and the exhibits attached thereto ("Property). Compl. ¶ 5. The Pueblo traces its ownership of the Property to what it claims as the 1751 Spanish Land Grant: According to the Pueblo, in 1751, Spain granted certain acreages of land to Pueblo, of which approximately 8,000 acres are located within El Paso County and Texas. *Id.* ¶¶

6, 9, 19. It alleges that the Property is located within the boundaries of the 1751 Spanish Land Grant. *Id.* at ¶ 28.

After the Pueblo served its Complaint in June 2017, the City filed, and the Court granted, two unopposed motions to extend its deadline to file a responsive pleading. *See* ECF Nos. 9, 10. In August 2017, the parties filed a joint motion to stay the case for 120 days so that they could continue settlement discussions, and the Court granted the motion, staying the case until December 6, 2017, *see* Order, ECF No. 12. In December 2017, the City filed a "Rule 12(b)(6) Motion to Dismiss" (ECF No. 13), which the Court granted in part and denied in part, *see* Mem. Order, ECF No. 19. On April 4, 2018, the City filed its "Original Answer" (ECF No. 23).

On April 5, 2018, the Court issued a "Scheduling Order" (ECF No. 24), which set the deadline for filing motions to amend pleadings as August 4, 2018. After that deadline passed, the parties jointly moved to extend the remaining deadlines in October 2018. *See* Stipulated Mot. to Amend Scheduling Order, ECF No. 28. As ground, the parties explained that due the nature of this case and the time period at issue (dating back to the 1600s), they needed adequate time to conduct substantial fact (documentary and witness) and expert discovery. *Id.* at ¶ 3. The Court granted in part the motion. *See* Order Amending Scheduling Order, ECF No. 29. Subsequently, the parties mutually agreed to extend the expert disclosure deadlines to March 4 and April 1, 2019, and discovery deadline to May 1, 2019. *See* Notice, ECF No. 33. Most recently, on January 18, 2019, the City filed an "Unopposed Motion to Amend Amended Scheduling Order" (ECF No. 34), seeking to extend, *inter alia*, the dispositive motion deadline.

On January 22, 2019, the City filed the instant motion. *See* Mot. to Am. Original Ans., ECF No. 35. Along with the motion, the City submitted as an exhibit its "Amended Answer to Plaintiff's Verified Complaint for Declaratory Judgment Confirming Title to Real Property

[Proposed]" (ECF No. 35-2) (hereinafter, "Proposed Amended Answer"). By this motion, the City seeks to to add twelve (12) new defenses.[1]

## II. STANDARDS

While Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings shall be "freely" given, Rule 16(b) governs amendment of pleadings, where, as here, the scheduling order deadline to amend pleadings has passed. *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Consequently, "[o]nly upon the movant's demonstration of good cause . . . will the more liberal standard of Rule 15(a) apply." *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (internal quotes and citation omitted).

A district court has "broad discretion to preserve the integrity and purpose of [its] pretrial order," *S & W Enters.*, 315 F.3d at 535 (internal quotes and citation omitted), and therefore, broad discretion in deciding whether to permit amendment of pleadings after the deadline, *Crostley v. Lamar Cty., Tex.*, 717 F.3d 410, 420 (5th Cir. 2013); *see also Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) ("The district court is entrusted with the discretion to grant or deny a motion to amend" under Rule 15(a).).

## III. DISCUSSION

A.  **Good Cause Analysis**

The four factors relevant to good cause are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in

---

[1] The Pueblo counts the total number of new defenses at thirteen, perhaps because it considers Paragraph 38 of the Proposed Amended Answer as a new defense. It appears, however, that the City asserted this defense in its Original Answer, but perhaps due to drafting errors, listed it under the wrong section (immediately before the heading "Affirmative Defenses"). *Cf.* Original Ans. ¶ 32, ECF No. 23, *with* Proposed Am. Ans. ¶ 38, ECF No. 35-2.

allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (internal quotes and citation omitted). "No single factor is dispositive, nor must all the factors be present." *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010) (citing *S&W Enters.*, 315 F.3d at 536–37).

### *(1) Explanation for the Failure to Timely Move for Leave to Amend*

The City filed this motion nearly six months after the deadline to file motions for leave to amend pleadings, which was August 4, 2018. The City proffers two explanations. First, it says that during settlement discussions, it learned "new information" about the scope and potential significance of the Pueblo's claims: The Pueblo "potentially could asset claims, presumably in other actions" to lands extending beyond the 111.73 acres of land that is the subject of this lawsuit and throughout the approximately 8,000 acres allegedly contained in the 1751 Spanish Land Grant. Mot. to Am. Original Ans. at 2–3. Second, the City's new attorneys "recognized" the proposed new defenses. *Id.* at 4. Previously, the City was represented by its in-house counsel; however, in view of the "new information," *see* Def.'s Reply at 4 ("It is not the engagement of new counsel, but the reasons for engaging new counsel, that are important."), ECF No. 38, the City retained outside counsel in December 2018.

These explanations are unsatisfactory. The "new information" is not factual in nature and therefore, not necessary to support, *i.e.*, form the basis of, the proposed new defenses; moreover, the remainder of the 8,000 acres of land is not the subject of the instant lawsuit. *See Butler v. Taser Int'l, Inc.*, 535 F. App'x 371, 372 (5th Cir. 2013) (finding no good cause, reasoning that "to the extent [the movant] obtained new facts in late depositions, those facts were not necessary to support his two proposed new claims"); *Cole v. Sandel Med. Indus., L.L.C.*, 413 F. App'x 683,

689 (5th Cir. 2011) (finding no good cause, noting that "[d]espite repeated assertions that she discovered new pertinent information, however, [plaintiff-movant] fails to point to any new fact necessary to her additional claims. Rather, the new . . . claims . . . were based on the same set of facts as her [previously asserted] claims, there is no reason she could not have asserted them well before . . . ."); *see also Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) (affirming the district court's denial of leave to amend under Rule 15 because the plaintiffs "had been aware of the *factual underpinnings* of the [new] fraud claim for some time, and . . . they had not been diligent in pursuing the claim" (emphasis added)).

"The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (internal quotes and citation omitted) (finding no abuse of discretion by district court in denying defendant El Paso County Water Improvement District's post-deadline motion to amend answer). The City has not done so; instead, it has shown, at most, due diligence to hire additional attorneys having experience in dealing with tribal land disputes.[2] The new counsel, in turn, recognized new legal grounds for

---

[2] The source of the "new information" was the Pueblo's settlement offer letter, which the tribe served on July 5, 2018, pursuant to the Court's Scheduling Order. *See* ECF No. 37-4. In response, on July 12, 2018, the City, by and through its in-house counsel, requested additional information and documents regarding the Pueblo's claims, *see* ECF No. 37-5 at ECF Page No. 2–3, and the Pueblo provided the requested materials by July 24, 2018, *see id.* at ECF Page Nos. 4–22. In November 2018, the City issued a "Request for Qualifications – Legal Services," whereby it sought to retain outside counsel having experience with tribal land disputes:

> We will expect the firm we retain to have a broad and practical knowledge and expertise with regard to research and analysis of applicable federal and state laws, acts of Congress, treaties, executive orders and policy changes, all with regard to tribal lands; in particular, the individuals providing services should have demonstrated knowledge, strong analytical and interpretative skills, as well as verbal and written communication expertise with regard to Spanish land grants and aboriginal rights, including, but not limited to, restrictions on alienation of tribal lands and tribal land trusts.

ECF No. 38-1. The City engaged the outside counsel on December 19, 2018. Def.'s Reply at 3.

asserting additional defenses. The City fails to explain why its in-house counsel,[3] who were and still are on this case, failed to recognize those legal grounds prior to the August 4, 2018 deadline to amend its answer. The Court finds that this factor weighs against finding good cause.

*(2) Importance of the Amendment*

The City argues that the additional defenses are necessary for a full and effective defense to the Pueblo's claims that potentially threaten its title to properties it holds for public purposes. Mot. to Am. Original Ans. at 5. They are further necessary, argues the City, because the outcome of this lawsuit may create a "precedent" that may affect the titles of the City's citizens and grantees—presumably in future lawsuits by the Pueblo. *Id.* The Court finds that this factor favors finding good cause.

*(3) Potential Prejudice in Allowing the Amendment*

The City filed this motion four months before the current dispositive motion deadline and eight months before the current trial setting. In addition, the parties agreed to extend, as permitted under the Scheduling Order, the deadlines for expert disclosure and discovery, which were approximately one to three months away from the City's filing of the instant motion.

Although allowing the City to amend its answer may require the Pueblo to prepare for additional briefing, as part of dispositive motions, and expert reports, any prejudice to the Pueblo would be *de minimis*—even considering that the current dispositive motion deadline and trial setting, which are still several months away. Therefore, this factor favors finding good cause.

*(4) Availability of a continuance to cure such prejudice*

A continuance to cure any prejudice is available. This factor favors finding good cause.

---

[3] The Pueblo points out that "the City is a sophisticated litigant, with an in-house legal staff of 42 and a budget of over 4 million dollars, and which regularly engages in multimillion-dollar litigation impacting the City and its constituents." Pl.'s Resp. to Mot. at 9, ECF No. 37.

### *(5) Balancing the Good-Cause Factors*

One factor weighs against and three favors finding good cause. In balancing the factors, the Court finds, for the following reasons, that the first factor (which heavily weighs against finding good cause) and the second factor (which weighs in favor of finding good cause) offset each other. First, so far as it appears from the Pueblo's Complaint, this case presents a complex set of historical facts: The Pueblo's claim of ownership traces back to an event (the Spanish Land Grant) that occurred more than 250 years ago, and its claimed chain of title involve multiple legislative acts and events, including Texas's admission into the United States.

Second, although the Pueblo appears to contend that the remainder of the approximately 8,000 acres allegedly contained in the 1751 Spanish Land Grant does not impact this lawsuit, *see* Pl.'s Resp. to Mot. at 4–5 ("[T]he City fails to explain how the possibility of future litigation has any impact on the issues presented by the complaint in this action."); *id.* at 5 ("[T]he City was once again told in July 2018, that the Pueblo claims ownership of the entire 1751 land grant area, not just the parcels at issue in the present case."), during settlement discussions, the Pueblo sought money based on the remainder acres, *see* Letter from Kelli J. Keegan, the Pueblo's counsel, to Oscar G. Gabaldon, the City's counsel, at 2 (July 5, 2018) ("The City will pay to the Pueblo, with interest, a fair share of the property taxes the City has collected from the Pueblo's 1751 grant lands since the City annexed the area in the 1960s."), ECF No. 37-4.

Third, as to the City's contention of precedential effect, *see* Part III.A(2), *supra*, although this Court's decisions are not binding even onto itself in a different lawsuit,[4] its decision may carry some persuasive value in a future lawsuit that may call into question the titles held by the

---

[4] *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (internal quotes and citation omitted)).

City's citizens and grantees over the remainder of the 8,000 acres.[5] Consequently, "to secure the just . . . determination" in this case, Fed. R. Civ. P. 1, the City should be allowed to adequately defend against the Pueblo's present claims, *see Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").

Having found that the first and second factors offset each other, there remains the last two factors, each of which favors finding good cause. The Court, therefore, finds that there is good cause for permitting the City to amend its Original Answer.

**B.     Rule 15(a) Analysis**

Rule 15(a) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The language of this rule evinces a bias in favor of granting leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (internal quotes and citation omitted). "Absent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (internal quotes and citation omitted). "Stated differently, district courts must entertain a presumption in favor of granting parties leave to amend." *Id.*

There is no indication of bad faith, dilatory motive, undue prejudice, or repeated failures to cure. Although the City waited nearly six months before moving to amend its answer, the

---

[5] The Pueblo contends that such "precedent already exists confirming the enforceable title held by the Pueblo in its Spanish grant lands." Pl.'s Resp. to Mot. at 8–9 (citing Order, *Ysleta del Sur Pueblo v. El Paso Electric Co.*, EP-16-CV-00035-KC (W.D. Tex. Feb. 24, 2017), ECF No. 43). But, as the City points out, the court's judgment was based on an unopposed motion for summary judgment. *See* Unopposed Req. for Grant of Pl.'s Mot. for Summary J., *El Paso Electric Co.*, EP-16-CV-00035-KC (Feb. 15, 2017), ECF No. 42.

delay is not undue under the circumstances present here. *See N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018) ("In reviewing the timeliness of a motion to amend, delay alone is insufficient: The delay must be *undue*, *i.e.*, it must prejudice the nonmoving party or impose unwarranted burdens on the court." (internal quotes and citation omitted)).

The parties dispute whether the City's new defenses would be futile. *Cf.* Pl.'s Resp. to Mot. at 10 n.5, *with* Def.'s Reply at 5. Although "it is within the district court's discretion to deny a motion to amend if it is futile," *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000), the Court prefers to assess the merits of the proposed defenses on a fully briefed dispositive motion, rather than to do so here based on the parties' scant arguments, *cf. Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 182 (5th Cir. 1980) ("Permission should be denied only if it appears to a certainty that plaintiffs cannot state a claim showing they are entitled to relief.").

## C.  Amendment of the Scheduling Order

As mentioned, the City also filed an "Unopposed Motion to Amend Amended Scheduling Order" (ECF No. 34), seeking to continue the deadlines for discovery-related motions (from April 15, 2019, to May 15, 2019) and dispositive motions (from May 16, 2019, to June 14, 2019). The Pueblo does not oppose the motion so long as extending the requested deadlines does not affect the current trial setting, which is September 16, 2019.

The Court will issue an amended scheduling order to ameliorate any prejudice to the Pueblo that may result from the grant of the City's Motion to Amend Original Answer.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the City's Motion to Amend Original Answer (ECF No. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that the District Clerk shall docket Exhibit B (ECF No. 35-2) attached to the City's motion.

In accordance with this Memorandum Order, the Court will issue an amended scheduling order.

So ORDERED and SIGNED this 12th day of March 2019.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE